O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHSAAN THOMAS, et al.,<br><br>            Petitioner,<br><br>  v.<br><br>VALENZUELA, WARDEN,<br><br>            Respondent. | NO. CV 12-5490-GAF (MAN)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

Petitioner is a California state prisoner who is incarcerated at California Men's Colony-East ("CMC"). On June 25, 2012, he filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires the summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Summary dismissal of the Petition is required for the reasons set forth below.

The Petition does not challenge a conviction or sentence, prison discipline, or a parole decision. (Petition at 2.) Rather, the Petition alleges a single claim challenging a CMC policy related to the purchase of religious items by prisoners. Petitioner alleges that CMC's policy: causes a 10% service charge to be imposed on religious items purchased by inmates who utilize their inmate trust accounts, in contravention of the California Department of Corrections and Rehabilitation's regulations and policies; and improperly classifies a religious item purchase by a third party on behalf of an inmate as that inmate's quarterly personal property package. Petitioner contends that CMC's policy violates the First Amendment, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). The Petition is brought on behalf of Petitioner Rahsaan Thomas and other unnamed CMC prisoners affected by this policy, and it seeks "relief via habeas corpus" on behalf of all such "Petitioners." (Petition at 5-9.)

Generally, a state prisoner challenging the fact or duration of his state conviction or sentence on the grounds of alleged violations of federal rights, and seeking release from imprisonment as a result, does so by way of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. *See* Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973); Sisk v. Branch, 974 F.2d 116, 117 (9th Cir. 1991). However, the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody," is a civil rights action under 42 U.S.C. § 1983, not a habeas action. Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; *see also* Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Petitioner's allegations attempt to state a civil rights claim based on

the conditions of his confinement -- *to wit*, a claim that his institution's policy related to the purchase of religious items is unconstitutional and violates RLUIPA -- rather than an attack on the fact or duration of Petitioner's confinement. Accordingly, the allegations of the Petition are not cognizable under 28 U.S.C. § 2254 but, instead, must be raised by way of a civil rights complaint brought under 42 U.S.C. § 1983.

While the Court may construe a flawed habeas petition as a civil rights action, *see* Willwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 409 (1971), doing so in this case would be inappropriate for a number of reasons. First, the Petition was not accompanied by the $350 filing fee. It also was not accompanied by a declaration in support of a request to proceed without prepayment of the filing fee, a certified copy of Petitioner's trust fund account statement for the preceding six months, and an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(a)(2) & (b). Petitioner has not indicated that he is willing to incur the $350 filing fee to be assessed against his inmate trust account should this action go forward as a civil rights case and he be granted leave to proceed without prepayment of the filing fee. Petitioner should be allowed to make this significant financial decision and not have it imposed upon him as a result of a unilateral decision by the Court to convert the Petition into a civil rights complaint. Second, Petitioner has not stated that he is willing to incur a potential "strike," within the meaning of 28 U.S.C. § 1915(g), should this action be converted to one brought under 42 U.S.C. § 1983 and he not prevail. Again, that choice should be his; the Court should not make it for him. Third,

Petitioner has named a single correctional officer as Respondent, but he has not identified the capacity in which this person would be sued if Petitioner's claim were to proceed under 42 U.S.C. § 1983. An Eleventh Amendment immunity bar could exist depending on the relief that Petitioner seeks if this action proceeds under 42 U.S.C. § 1983. Fourth, because Petitioner is incarcerated and proceeding *pro se*, he may not represent other CMC prisoners in a civil rights action.[1] Fifth and finally, a substantial portion of the claim alleged in the Petition appears to be moot and, thus, is not cognizable under 42 U.S.C. § 1983.[2]

Based upon the foregoing, it is plain that the Court lacks jurisdiction to consider the Petition. Accordingly, IT IS ORDERED that Judgment shall be entered dismissing the instant Petition without

---

[1] There is no evidence before the Court that any other CMC prisoner has authorized Petitioner to act on his behalf to seek federal court relief through the claim alleged in the Petition. In any event, non-lawyers may not represent other persons in federal court. *See, e.g.,* Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity"). Local Rule 83-2.10.2 expressly prohibits a *pro se* litigant from delegating his representation to any other person. Because plaintiff is not a lawyer authorized to practice in this Court, he may not represent, and pursue relief on behalf of, other prisoners in this action no matter how "similarly situated" they may be. *See* C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)(a layperson acting in *pro per* may not appear or seek relief on behalf of others); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("[a] litigant appearing in propria persona has no authority to represent anyone other than himself"); *see also* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)(denying inmate the right to seek injunctive relief with respect to prison policies that affected all inmates).

[2] The attachments to the Petition include various state court filings. Petitioner raised his present claim in a habeas petition filed in the trial court, and the trial court ordered an informal response. In its August 31, 2011 Informal Response, the Office of the Attorney General for the State of California advised the trial court that CMC had amended the policy in question to omit the service fee for religious items purchased by inmates with fund in their inmate trust accounts. Thus, at least this portion of Petitioner's claim appears to be moot.

1  prejudice.

3     In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

11     IT IS SO ORDERED.

13  DATED: <u>June 26, 2012</u>.

*[signature: Gary Feess]*

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

16  PRESENTED BY:

*[signature: Margaret A. Nagle]*

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE